IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRYAN FARAJOLAH, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 1:20-cv-01277-STA-jay |
| VICTORY AUTOMOTIVE GROUP, INC., | ) |
| JEFFREY CAPPO, KATIE DIGSBY, AND | ) |
| CHASE CHANNELL | ) |
| | ) |
|    Defendants. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 28) screening Defendants' Motion to Dismiss. (ECF No. 20.) Plaintiff has timely filed objections to the Magistrate Judge's Report. (ECF No. 29.) For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendants' Motion to Dismiss.

BACKGROUND

According to the Magistrate Judge's Report and Recommendation and the available record, on December 17, 2020, Plaintiff, Bryan Farajolah ("Plaintiff") filed a *pro se* complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act of 1990. (ECF No. 1.) Plaintiff complains of the following actions: termination of employment, failure to promote, failure to accommodate disability, unequal terms and conditions of employment, retaliation, and "sexual harassment discrimination racism, wage/pay discrimination, hostile work environment." (*Id.*, PageID 3.) He alleges that this

1

discrimination began in November 2017 and continued until December 10., 2020. *Id.* Plaintiff further asserts in his Complaint that, to the best of his recollection, he filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding this alleged discrimination on August 12, 2019. *(Id.*, PageID 7.) He further contends that he received a right-to-sue letter from the EEOC on October 9, 2020. *Id.*

## ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

As for civil actions brought under Title VII, a plaintiff must bring suit within ninety days after the Equal Employment and Opportunity Commission (EEOC) issues notice of the right to sue. 42 U.S.C. § 2000e–5, (f)(1). Thus, Plaintiff in this case was required to file his Complaint

alleging Title VII and ADA claims within ninety days of receiving the EEOC right-to-sue letter. *See Lock v. FedEx Corporate Services, Inc.*, No. 15-cv-02647-STA-tmp, 2015 WL 7018398, at *3 (W.D. Tenn. Nov. 12, 2015) ("A plaintiff asserting a claim under the ADA must file suit within ninety days of receiving a right-to-sue letter from the EEOC.")

Plaintiff's attached copy of the right-to sue notice indicates that it was mailed on August 13, 2020. (ECF No. 1-1.) Moreover, the EEOC activity log demonstrates that Plaintiff had downloaded the letter on August 14, 2020. (ECF No. 20-1, PageID 125.) Plaintiff failed to file his Complaint asserting his purported Title VII and ADA claims within ninety days of receiving notice of the EEOC right-to-sue letter. The ninety-day deadline ended on November 11, 2020. Even allowing five days for mailing, Plaintiff was required to file no later than November 16, 2020. But Plaintiff waited to file suit until December 17, 2020, missing the ninety-day deadline by approximately a month.

Although Plaintiff did not receive a physical copy of the right-to-sue letter, Plaintiff had constructive notice of his receipt of the right to sue when he downloaded the letter on August 14, 2020. That same day, Plaintiff sent an email to an EEOC investigator (ECF No. 20-2, PageID 137–38), confirming that he was able to "locate and download" the necessary documentation regarding the determination of his EEOC case. Thus, Plaintiff had constructive notice of the right to sue. And, as the Sixth Circuit has made clear, constructive notice is enough to hold a party responsible for failing to meet the ninety-day deadline. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000) (noting that a plaintiff may receive a right-to-sue letter constructively). As a consequence, Defendant's Motion to Dismiss should be granted because Plaintiff had constructive notice of his right to sue and failed to file his claim within the applicable ninety-day period.

Therefore, consistent with the Report and Recommendation (ECF No. 28), Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED.**

**IT IS SO ORDERED**.

        **s/ S. Thomas Anderson**
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

Date: November 22, 2021.